IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

GREGORY BRENT CHRISTIAN,

       Petitioner,

V.                                    CIVIL ACTION NO. 3:05-0879

TERESA WAID, Warden,
Huttonsville Correctional Center,[1]

       Respondent.

## FINDINGS AND RECOMMENDATION

       Gregory Brent Christian, a state prisoner presently serving two concurrent twenty-five year sentences for first degree robbery and a consecutive three to fifteen year sentence for "malicious assault on a police officer" imposed by the Circuit Court of Cabell County, is before the Court on petition for writ of habeas corpus filed under the provisions of 28 U.S.C. §2254. In response to the petition, respondent filed a motion to dismiss for failure to exhaust available state court remedies, pointing out that petitioner did not appeal his conviction and has not sought post-conviction habeas relief in the Circuit Court of Cabell County.[2] Conceding that he has not

---

[1] Petitioner is now incarcerated at Huttonsville Correctional Center, the warden at Huttonsville is the proper party respondent and Warden Teresa Waid is, accordingly, substituted as the proper party respondent in this action.

[2] Christian filed three habeas petitions invoking the original jurisdiction of the Supreme Court of Appeals of West Virginia. The petitions were, however, summarily refused and, as a consequence, failed to satisfy the requirement that a habeas petitioner exhaust state remedies. McDaniel v. Holland, 631 F.Supp. 1544 (S.D. W.Va. 1986).

exhausted available state remedies, petitioner asks that his petition be held in abeyance while he exhausts state remedies since any subsequently filed habeas petition would be untimely.

## RECOMMENDATION

It appearing that petitioner's pro se status resulted in his failure to comprehend the means of exhausting state court remedies, it is **RESPECTFULLY RECOMMENDED** that his petition be denied without prejudice and that this action be retired to the inactive docket of the Court pending exhaustion of state court remedies. In conformity with prior orders of the Court in this circumstance, and to address time concerns reflected in 28 U.S.C. §2244(d), petitioner should be ordered to file a habeas petition in the Circuit Court of Cabell County within thirty days from the date of the Court's order and advised that to exhaust state remedies he must, if relief is denied in the circuit court, seek an appeal of the denial in the Supreme Court of Appeals of West Virginia.

Petitioner and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2254 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the

district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to petitioner, respondent, and all counsel of record.

DATED: June 20, 2007

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE